IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO.: 3:25-cv-907

| | |
|---|---|
| TORRENCE CHAPEL, LLC D/B/A TORRENCE CHAPEL PUBLIC HOUSE,<br><br>Plaintiff,<br><br>v.<br><br>THE CINCINNATI INSURANCE COMPANIES AND THE CINCINNATI INDEMNITY COMPANY,<br><br>Defendants. | THE CINCINNATI INSURANCE COMPANY AND THE CINCINNATI INDEMNITY COMPANY'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1441(b) (DIVERSITY) |

COME NOW the Defendants, The Cincinnati Insurance Company ("Cincinnati Insurance"), improperly identified as The Cincinnati Insurance Companies, and The Cincinnati Indemnity Company ("Cincinnati Indemnity") (and collectively the "Defendants"), by and through the undersigned counsel, who hereby give notice, pursuant to 28 U.S.C. §§ 1332, 1441(b), and 1446, that they have removed the above-captioned matter to the United States District Court for the Western District of North Carolina, Charlotte Division. A copy of this Notice is being filed with the Clerk of the Superior Court of Mecklenburg County, North Carolina, pursuant to 28 U.S.C. § 1446(b).[1] In support of this Notice, Defendants state the following:

**PROCEDURAL HISTORY**

1. This Civil Action regards whether a commercial property insurance policy (the "Policy") issued by Cincinnati Indemnity, only, to Plaintiff, Torrence Chapel, LLC d/b/a

---

[1] By filing this Notice of Removal, Defendants do not admit that Plaintiff is entitled to the relief sought in its Complaint, that any claimed damages are recoverable, or that punitive or treble damages or attorney's fees are appropriate.

1

Torrence Chapel Public House ("Plaintiff"), entitles Plaintiff to *additional* remuneration for water damage Plaintiff's building – located at 20936 Torrence Chapel Road in Cornelius, North Carolina (the "Building") – allegedly incurred on or about December 24, 2022, when one or more pipes froze and broke inside the Building. *See Exhibit 1, Plaintiff's Complaint, at pp. 1-2; see also Exhibit 2, Certified Copy of Policy*.

2. On or about September 23, 2025, Plaintiff filed its complaint against Defendants in the Superior Court of Mecklenburg County, North Carolina (the "Complaint").

3. Plaintiff served a copy of the Complaint upon the North Carolina Department of Insurance ("NCDOI"). *See Exhibit 3, NCDOI Service Packet.* The NCDOI forwarded a copy of the Complaint to Cincinnati Indemnity, which Cincinnati Indemnity received on October 17, 2025. *See id.; see also Exhibit 4, USPS Delivery Confirmation*.

4. The time for Defendants to remove this Action to Federal Court has not yet expired.

## CASE BACKGROUND

5. Plaintiff's Complaint acknowledges that Cincinnati Indemnity "visited the insured property multiple times" and remitted $291,287.37 to Plaintiff, relative to the Policy and Plaintiff's purported loss. *See Ex. 1, Pl. Compl., ¶ 24.*

6. Plaintiff alleges, though, that Cincinnati Indemnity "continued to underpay Torrence Chapel's covered claim by over $700,000." *See Ex. 1, Pl. Compl., ¶¶ 27 and 31; see also id. at ¶ 37 (alleging that "the parties disagree on the amount of loss in the amount of over $700,000.").*

7. Plaintiff's Complaint then proceeds to allege the following three Causes of

2

Action:

    I.      Breach of the Policy's Appraisal Provisions, relative to Cincinnati Indemnity's denial of Plaintiff's pre-suit appraisal demands (*see id., ¶¶ 35-40*);

    II.     Breach of the Policy, in the alternative, relative to Cincinnati Indemnity purportedly not "fully and timely pay[ing for] all covered losses under the policy" (*see id., ¶¶ 41-47*); and

    III.    Violation of North Carolina's Unfair and Deceptive Trade Practices Act ("UDTPA") in the alternative, relative to Cincinnati Indemnity's adjustment of the insurance claim (*see Id., ¶¶ 48-52*).

8.    Plaintiff's Complaint closes by seeking not only the purportedly uncompensated amount of Plaintiff's losses (*i.e.*, over $700,000.00), but also treble damages and attorney's fees. *Id., at p. 10.*

9.    In accordance with the foregoing, including 28 U.S.C. §§ 1332(a)(1), 1446 (b)(3), and 1446 (c)(1), Defendants now remove this matter to this Court based upon diversity jurisdiction.

## JURISDICTIONAL BASIS UNDER 28 U.S.C. § 1332

10.    Under U.S.C. § 1332(a)(1), this Court has "original jurisdiction where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." *Id.; see also Snyder v. Harris,* 394 U.S. 332, 335, 89 S. Ct. 1053, 1057, (1969); *Bell v. Preferred Life Assur. Soc. of Montgomery, Ala.,* 320 U.S. 238, 64 S. Ct. 5 (1943) (holding that punitive as well as compensatory damages are to be considered in determination of whether requisite jurisdictional amount is actually in controversy); *Elliott v. American States Ins. Co.*, 883 F.3d 384, 394 (4th Cir. 2018); *Shanaghan v. Cahill,* 58 F.3d 106, 109 (4th Cir. 1995)

3

(holding consistent with *Snyder v. Harris*).[2] Here, both criteria are met.

    A.    <u>**Complete Diversity of Citizenship Exists**</u>.

11.    Plaintiff is a North Carolina limited liability company with its principal place of business in Cornelius, North Carolina. *See Ex. 1, Pl. Compl. ¶ 1.* Per filings with the North Carolina Secretary of State, Plaintiff has one member, Mr. Andrew Sheridan. *See Exhibit 5, Plaintiff's Articles of Organization.* Mr. Sheridan is domiciled in and a citizen of North Carolina. *See, e.g., id.* Therefore, based upon the citizenship of its members, Plaintiff is not a citizen of Ohio; is a citizen of North Carolina; and is diverse from Defendants.

12.    Each of the Defendants is a corporation organized and existing under the laws of the State of Ohio, with each having its principal place of business in Ohio. *See Exhibit. 1, Compl. ¶ 2.*

13.    As Plaintiff and Defendants are the only Parties to this Action and are citizens of different states, complete diversity between the Parties exists.

    B.    <u>**The Amount in Controversy Exceeds $75,000.00**</u>.

14.    As indicated above, the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

15.    Plaintiff alleges an amount in controversy under the Policy in excess of $700,000.00, before the inclusion of attorney's fees and treble damages related to alleged

---

[2] Pursuant to 28 U.S.C. § 1446(a), a removing party need only make a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *See Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S. Ct. 547, 554 (2014); *see also* 28 U.S.C. § 1446(c)(2) ("If removal of a civil action is sought on the basis of [diversity of citizenship], the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy ....").

extra-contractual relief. *See supra* ¶¶ 6, 8. *See also Bell v. Preferred Life Assur. Soc. of Montgomery, Ala.,* 320 U.S. 238, 64 S. Ct. 5 (1943) (holding that punitive as well as compensatory damages are to be considered in determination of whether requisite jurisdictional amount is actually in controversy); *Shanaghan v. Cahill,* 58 F.3d 106, 109 (4th Cir. 1995) (holding same); *Auto Money North, LLC v. Walters*, 737 F. Supp. 3d 330, 343 (D.S.C. 2025) (holding same); *accord Wood v. Stark Tri-County Bldg. Trades Council,* 473 F.2d 272 (6th Cir. 1973) (holding same); *First Mercury Ins. Co. v. Excellent Computing Distributors, Inc.,* 648 F. App'x 861, 864 (11th Cir. 2016).

16. Thus, here, upon aggregating Plaintiff's sought compensatory, punitive, and attorney's fees relief, the amount in controversy clearly exceeds the $75,000.00 jurisdictional threshold. *Id.*

17. Accordingly, the requirements of 28 U.S.C. §1332 are satisfied and removal to this Honorable Court is proper.

## **CONCLUSION**

18. As stated above, the amount in controversy in this matter exceeds $75,000.00, exclusive of interest and costs, and this matter is between citizens of different states. Accordingly, this Honorable Court has jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441.

19. Pursuant to 28 U.S.C. § 1441(a), this Court is the proper venue for removal because it is the district and division embracing the place where the originally filed State Action is pending.

20. Pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal is being served upon counsel for the Plaintiff and shall be contemporaneously filed with the Clerk's

Office for the Superior Court of Mecklenburg County, North Carolina.

21.     A copy of the Notice of Filing the Notice of Removal, which shall be filed in the State Court action, is attached hereto as Exhibit 6.

22.     This Notice of Removal is not a waiver of Defendants' defenses, including but not limited to the right to contest venue, nor should it be understood or construed as a waiver of any defense Defendants may have against any of the allegations in the Complaint, or as a general appearance or waiver of any defense based upon lack of jurisdiction or for failure to state a claim.

WHEREFORE, Defendants, The Cincinnati Insurance Company and The Cincinnati Indemnity Company, remove the above-captioned Action from the Superior Court, Mecklenburg County, North Carolina, to the United States District Court for the Western District of North Carolina, Charlotte Division.

Respectfully submitted, this the 14th day of November, 2025.

                BUTLER WEIHMULLER KATZ CRAIG LLP

                /s/ T. Nicholas Goanos
                T. Nicholas Goanos
                NC State Bar No.:  41812
                Roman C. Harper
                NC State Bar No.:  53995
                11525 N. Community House Road, Ste. 300
                Charlotte, NC 28277
                Telephone: (704) 543-2321
                Facsimile: (704) 543-2324
                E:  tgoanos@butler.legal
                E:  rharper@butler.legal
                *Counsel for Defendants The Cincinnati Insurance Company and The Cincinnati Indemnity Company*

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of November, 2025, I served a true and correct copy of the foregoing **NOTICE OF REMOVAL** via electronic filing with the United States District Court, Western District of North Carolina, Charlotte Division by using the Pacer CM/ECF Filing System and by placing the same via FedEx 2-Day Delivery Service addressed to counsel or parties of record as follows:

Bruce W. Berger, Esq.
J. Blake Boyd, Esq.
Miller Law Group, PLLC
2424 Glenwood Avenue, Suite 201
Raleigh, NC 27608
E: bruce@millerlawgroupnc.com
E: blake@millerlawgroupnc.com
*Counsel for Plaintiff*

   /s/ T. Nicholas Goanos_____
      T. Nicholas Goanos